UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

CIVIL ACTION NO. 7:23-CV-00025-EBA

LADONNA KAY MAY,                                                                                                      PLAINTIFF,

V.                          **MEMORANDUM OPINION & ORDER**

KILOLO KIJAKAZI,
*Acting Commissioner of Social Security*,                                        DEFENDANT.

\*\*\* \*\*\* \*\*\* \*\*\*

INTRODUCTION

Plaintiff, Ladonna Kay May, appeals the Acting Social Security Commissioner's denial of her application for Social Security Disability and Supplemental Security Income benefits. [R. 1]. Alternatively, May requests that the Court remand this case for a new hearing on the matter. [*Id.*]. May alleges that the Administrative Law Judge ("ALJ") improperly denied her disability benefits for three reasons: (1) she failed to properly consider Plaintiff's history of medical issues and treatment and improperly discounted the severity of her impairments; (2) she failed to properly rely upon the vocational expert's testimony in rendering her decision; and (3) that Plaintiff's impairments otherwise satisfied the requirements of Listings 1.15, 1.18, and 5.05(a) under 20 C.F.R. Part 404, Subpart P, Appendix 1. [R. 12]. May and the Acting Commissioner filed briefs in support of their respective positions. [R. 12; R. 14]. So, this matter is ripe for review. The Court will affirm the Acting Commissioner's final decision for the reasons below.

FACTS AND PROCEDURAL HISTORY

Ladonna Kay May is approximately 55 years old and is a former elementary school cook with a high school education who previously suffered injuries due to a fall that occurred while she was working. [R. 12 at pg. 2]. At the time of her application for disability benefits, May suffered from multiple medical conditions, including: degenerative disc disease ("DDD"); rotator cuff tendonitis in her left shoulder; lumbar radiculopathy; peripheral neuropathy; obesity; anxiety disorder; and depressive, bipolar, and related disorders. [R. 8-2 at pg. 37]. As a result of these injuries and her other medical conditions, Plaintiff originally filed an application for disability insurance benefits ("DIB") on February 21, 2020, for the period beginning on April 13, 2016. [*Id.* at pg. 34]. The application was then denied on August 27, 2020, and was denied again upon reconsideration on February 5, 2021. [*Id.*].

May then filed a request for a hearing before an ALJ on March 9, 2021. [*Id.*]. ALJ Deborah Foresman held a telephonic hearing on the matter on December 22, 2021. [*Id.*]. Mitchell A. Schmidt, a vocational expert, also attended the hearing. [*Id.*]. During the hearing, ALJ Foresman drew attention to the fact that May had previously filed for DIB on November 10, 2016, which alleged that the onset of her disability began on April 13, 2016. [*Id.* at pgs. 35, 76].[1] An ALJ then issued an unfavorable decision on the application on December 3, 2018. [*Id.* at pg. 35, R. 8-3 at pg. 16]. The Appeals Council then denied review of the December 3rd opinion. [R. 8-2 at pg. 35]. Because of this prior opinion, it was agreed that the earliest onset date for this current application would be December 4, 2018, the day after the ALJ entered her decision on the 2016 application, and thus the onset date for this matter was amended to December 4, 2018. [*Id.* at pgs. 34, 76].[2]

---

[1] In her brief, Plaintiff does not challenge the ALJ's consideration of this prior decision.
[2] In her brief, Plaintiff alleges she became permanently disabled on August 27, 2020, but no explanation is given as to this change in the onset date from December 4, 2018. [*See* R. 12 at pg. 4]. This appears to

Likewise, the ALJ determined that the last day Plaintiff met the insured status requirements under the Social Security Act was September 30, 2021—so the applicable time period for this case is December 4, 2018, to September 30, 2021. [*Id.* at pg. 37].

ALJ Foresman issued her decision finding that May "was not disabled under sections 216(i) and 223(d) of the Social Security Act through September 30, 2021, the last date insured" and denying claimant's DIB application on January 26, 2022. [*Id.* at pg. 49]. In addition, Foresman determined that May had the Residual Functional Capacity ("RFC")[3] to do light work with certain conditions and that while the claimant may not be able to perform past relevant work, "there were jobs that existed in significant numbers in the national economy that the claimant could have performed." [*Id.* at pgs. 41–47]. May then sought to have the Appeals Council review the ALJ's decision, but the Appeals Council denied this request for review on January 20, 2023. [*Id.* at pg. 2]. Because the Appeals Council declined review, the ALJ's decision became the Acting Commissioner of Social Security's final decision, which is subject to judicial review. *See* 42 U.S.C. § 405(g); 20 C.F.R. § 404.981.

Now, May requests judicial review of ALJ Foresman's decision. [R. 1]. She presents three issues in this appeal. *First*, May argues that substantial evidence does not support the ALJ's decision because the medical records support a conclusion that Plaintiff is disabled and Foresman failed to accord proper weight to the medical opinions of May's treating providers. [R. 12 at pgs. 5–6]. *Second*, Plaintiff asserts that the ALJ failed to properly consider the vocational expert's testimony when rendering her decision. [*Id.* at pg. 6]. *Third*, May avers that she met the requirements for Listings 1.15, 1.18, and 5.50(a). [*Id.*].

---

be a typo on Plaintiff's part and the undersigned will use the time period established in the ALJ's opinion for the purposes of this decision.

[3] Residual functional capacity "is the most an adult can do despite his or her limitation(s)." 84 Fed. Reg. 22,924, 22,925 (May 20, 2019).

STANDARD OF REVIEW

A court reviewing the Social Security Commissioner's conclusions must affirm unless it determines that the Commissioner has failed to apply the correct legal standards or has made findings of fact unsupported by substantial evidence in the record. 42 U.S.C. § 405(g); *Wright v. Massanari*, 321 F.3d 611, 614 (6th Cir. 2003). "Substantial evidence is more than a mere scintilla of evidence but less than a preponderance and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Besaw v. Sec'y of Health & Hum. Servs.*, 966 F.2d 1028, 1030 (6th Cir. 1992) (quoting *Brainard v. Sec'y of Health & Hum. Servs.*, 889 F.2d 679, 681 (6th Cir. 1989)); *Sias v. Sec'y of Health & Hum. Servs.*, 861 F.2d 475, 479 n.1 (6th Cir. 1988). The Commissioner's findings "as to any fact if supported by substantial evidence shall be conclusive." *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 833 (6th Cir. 2006) (citing U.S.C. § 405(g)). It's important to note that where, as here, the Appeals Council declines to review an Administrative Law Judge's decision, that decision becomes the final decision of the Commissioner for purposes of judicial review. *Friend v. Comm'r of Soc. Sec.*, 375 F. App'x 543, 550 (6th Cir. 2010).

A reviewing court owes the Commissioner great deference.[4] In conducting its review, a court may not try the case *de novo*, resolve conflicts in the evidence, or decide questions of credibility. *See Ulman v. Comm'r of Soc. Sec.*, 693 F.3d 709, 713 (6th Cir. 2012) (quoting *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007)). Consequently, an administrative decision is not subject to reversal even if substantial evidence would have supported the opposite conclusion. *See id.* at 714 (quoting *Bass*, 499 F.3d at 509). In other words, even if the Court would

---

[4] "Precisely because agency action often takes the form of determination of general statutory principles, agencies are often in the position of architects carrying out a commission whose broad goals have been set by Congress. Judges should thus afford agencies leeway to carry out the task of the architect." ADRIAN VERMEULE, COMMON GOOD CONSTITUTIONALISM 152 (2022).

have resolved the factual issues differently, the Administrative Law Judge's decision must stand if supported by substantial evidence. *Id.*; s*ee also Tyra v. Sec'y of Health and Human Servs.*, 896 F.2d 1024, 1028 (6th Cir. 1990). That said, a reviewing court may consider evidence not referenced by the Administrative Law Judge. *Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 535 (6th Cir. 2001). However, an ALJ's factual findings "shall be conclusive if supported by substantial evidence." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1153 (2019) (quoting 42 U.S.C. § 405(g)) (internal quotation marks omitted). "Under the substantial-evidence standard, a court looks to an existing administrative record and asks whether it contains 'sufficien[t] evidence' to support the agency's factual determinations." *Id.* at 1154 (citing *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229, 59 S.Ct. 206, 83 L.Ed. 126 (1938)).

Administrative Law Judges are tasked with conducting a five-step analysis to determine whether a person is disabled within the meaning of Title II. 20 C.F.R. § 404.1520(4). The five steps are:

- (i) At the first step, we consider your work activity, if any. If you are doing substantial gainful activity, we will find that you are not disabled.

- (ii) At the second step, we consider the medical severity of your impairment(s). If you do not have a severe medically determinable physical or mental impairment that meets the duration requirement in § 404.1509, or a combination of impairments that is severe and meets the duration requirement, we will find that you are not disabled.

- (iii) At the third step, we also consider the medical severity of your impairment(s). If you have an impairment(s) that meets or equals one of our listings in appendix 1 of this subpart and meets the duration requirement, we will find that you are disabled.

- (iv) At the fourth step, we consider our assessment of your residual functional capacity and your past relevant work. If you can still do your past relevant work, we will find that you are not disabled.

- (v) At the fifth and last step, we consider our assessment of your residual functional capacity and your age, education, and work experience to see if

> you can make an adjustment to other work. If you can make an adjustment to other work, we will find that you are not disabled. If you cannot make an adjustment to other work, we will find that you are disabled.

*Id.*

Generally, the burden of proof rests with the person claiming benefits. *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987). However, if the ALJ reaches the fifth step of the analysis, the burden shifts to the Commissioner to demonstrate that jobs exist within the national economy that can align with the claimant's residual functional capacity, age, education, and past work experience. *Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 391 (6th Cir. 1999).

ANALYSIS

A

May first argues that the medical records in this matter support a finding that she is entitled to DIB and that the ALJ's decision is not based on these records but "is rather based upon the ALJ's arbitrary and capricious decision to improperly discount the severity of those impairments and instead substitute his [*sic*] impression of the Plaintiff's disability over medical judgments in the record." [R. 12 at pg. 5]. Plaintiff goes on to assert that the ALJ failed to properly give her treating providers' opinions controlling weight or explain why she failed to give controlling weight to these opinions as required by *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234 (6th Cir. 2007) and federal regulations. [*Id.* at pg. 6].

As the Acting Commissioner points out though, "the treating physician rule—as well as the entirety of the old regulatory provisions governing the evaluation of medical opinions found at 20 C.F.R. § 404.1527—no longer apply to claims filed on or after March 27, 2017." [R. 14 at pg. 5]. 20 C.F.R. § 404.1520c explicitly holds that it applies to any claims filed on or after March 27, 2017. 20 C.F.R. § 404.1527(c) goes into detail the various factors that are to be considered when

determining the persuasiveness of medical opinions. However, as the Acting Commissioner alludes to, 20 C.F.R. § 404.1520c specifically states that, "[w]e will not defer or give any specific evidentiary weight, *including controlling weight*, to any medical opinion(s) or prior administrative medical finding(s), including those from your medical sources." (emphasis added). The regulation goes on to state that supportability ("The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be.") and consistency ("The more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be.") are the two "most important factors we consider when we determine how persuasive we find a medical source's medical opinions or prior administrative medical findings to be." 20 C.F.R. § 404.1520c(b)(2) & (c)(1)-(2).

      Here, there is no dispute that May's current application was filed on February 21, 2020. [*See* R. 12 at pg. 1; R. 8-2 at pg. 34]. Therefore, 20 C.F.R. § 404.1520c and its factors apply and any issues regarding "controlling weight" must be disregarded. Further, Plaintiff fails to specify which opinions the ALJ did not properly consider. Instead, she merely refers to years of medical records and treatments and that "ALJ Debarah Foresman failed to consider any of the medical treatment records, despite the fact that they were provided [*sic*] treatment to the Plaintiff for such a long period of time." [R. 12 at pg. 6]. As the Sixth Circuit has held in the past, issues that are only referred to in a perfunctory manner and are not developed by the party are deemed to be waived. *See Moore v. Comm'r of Soc. Sec.*, 573 F. App'x. 540, 573 (6th Cir. 2014); *Arvin v. Saul*, No. 6:19-CV-85-REW, 2020 WL 1942291, at *6 (E.D. Ky. Apr. 22, 2020) ("It is not the Court's

job to mine the record for proof of disability. *Key v. Callahan*, 109 F.3d 270, 274 (6th Cir. 1997) ("Claimant has the ultimate burden of proving the existence of a disability."); *cf. Brenay*, 709 F. App'x at 337 (Judges "are not like pigs, hunting for truffles buried in briefs" (citation and quotation marks omitted)).

May has failed to identify which opinions were not properly considered nor does she include any citations to these records in her brief. Plaintiff has therefore waived this argument. However, even if the Court were to consider this argument on the merits, it must still fail. The ALJ's opinion contains a detailed analysis of the medical opinions and prior administrative medical findings of providers such as Drs. Mukherjee and Kavka, psychological consultants Tonya Gonzalez, Psy.D. and Michelle Bornstein, Psy.D., and consultative examiner Jessica Bennett, FNP-C. [R. 8-2 at pgs. 44–46]. ALJ Foresman examined each of these opinions in turn and discussed whether these findings were persuasive or not and considered each of the opinions in rendering her ultimate decision. [*Id.* at pg. 46]. Further, as the Commissioner points out, Plaintiff does not challenge the ALJ's evaluation of these findings in her brief "nor has she identified any error in the ALJ's RFC analysis requiring remand in this case." [*See* R. 14 at pgs. 7–10]. Finally, as previously mentioned, the Plaintiff "retains the burden of proving her lack of residual functional capacity." *Jordan v. Comm'r of Soc. Sec.*, 548 F.3d 417, 423 (6th Cir. 2008) (citing *Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 392 (6th Cir.1999)). May has failed to meet this burden or otherwise show that the ALJ's decision is not supported by substantial evidence. Therefore, this argument must fail.

B

Next, May asserts that the ALJ failed to properly consider the vocational expert's, Mitchell Schmidt's, testimony and that his "testimony, when presented with the entirety of the Plaintiff's

limitations (including all of her conditions and the severity of same) is what the ALJ should have concluded and is what the Plaintiff asks this Court to find as well—that is, she is no longer able to perform her past work." [R. 12 at pg. 6].

During the December 22, 2021, hearing ALJ Foresman posed a series of hypothetical questions to Mitchell Schmidt. The first question asked if someone with the following conditions could perform May's past relevant work:

> Please assume an individual of the same age, education, and past relevant work as Ms. May. Assume that this individual could lift and carry 20 pounds occasionally, 10 pounds frequently. She can stand and walk a combined six out of eight hours and sit a combined six out of eight hours. She would have a push/pull limited only by her lift/carry. She can climb ramps and stairs frequently and occasionally ladders, ropes, and scaffolds. She can kneel, crouch, crawl, and stoop frequently. She can frequently reach overhead with her left upper extremity. She is able to understand, remember, and carry out simple instructions and performing [sic] simple, unskilled work, as defined by the DOT. She can make simple work-related decisions. She requires no special supervision to sustain an ordinary routine. She is able to work at a consistent pace throughout the workday, but not a production-rate pace where each task must be completed within a strict time deadline. She is able to interact occasionally with coworkers, supervisors, and the public. She can adapt appropriately to occasional changes in the work setting, and she can maintain attention and concentration for two-hour segments before and after the normal morning lunch and afternoon breaks.

[R. 8-2 at pgs. 100–101]. Schmidt stated that given those parameters, the hypothetical individual would not be able to perform Plaintiff's past relevant work. [Id. at pg. 101]. However, Schmidt did testify that this individual would be able to work as a price marker, housekeeping cleaner, and a garment sorter. [Id.]. Foresman then posed the following:

> Take Hypothetical #1, altering it only as follows: this individual could handle bilaterally frequently, she would have a push/pull limited by weight to her lift/carry but could use her bilateral lower extremities in pushing and pulling occasionally. She would be able to kneel, crouch, crawl, and stoop occasionally. She could climb ramps and stairs occasionally, but never ladders, ropes, or scaffolds. She could reach overhead with her left upper extremity occasionally and would be able to perform work permitting a sit/stand option at will while remaining productive at her workstation.

[*Id.* at pg. 102]. When asked if these alterations would change his response, Schmidt said that these new conditions would eliminate the housekeeping cleaner job, but that the other two jobs could still be performed by this individual. [*Id.*]. The ALJ then posed the following hypothetical to Schmidt:

> If we assume an individual, again of the same age, education, and past relevant work as Ms. May, and assume that this individual would be absent up to two days per month due to flares of pain, other exacerbations of her conditions, and she would be able to maintain attention, concentration, persistence, and pace in up to one-and-one-half-hour increments due to those same flares of pain and other exacerbations. Regardless of other limitations, would there be any work available in substantial numbers in the national economy for this individual at any exertional level?

[*Id.* at pgs. 102–103]. Schmidt then stated that there would not be any work available given those conditions. [*Id.* at pg. 103]. Plaintiff's counsel then posed another hypothetical to Schmidt with additional restrictions, to which the vocational expert indicated that the hypothetical individual would not be able to maintain competitive employment. [*Id.* at pgs. 103–105].

While Plaintiff asserts that a proper consideration of the vocational expert's testimony should have led to a finding that she was disabled, the testimony from the hearing and the ALJ's opinion prove otherwise. Again, the vocational expert was given multiple hypothetical questions which indicated that May would not be able to perform her past relevant work but would be able to perform other jobs. [*Id.* at pgs. 100–103]. In fact, the ALJ expressly relied on this testimony to find that May was not disabled and found that Schmidt's testimony was consistent with the information in the Dictionary of Occupational Titles. [*Id.* at pgs. 47–48]. While Schmidt did indicate that Plaintiff may not be able to work in two of the hypothetical scenarios, the ALJ was not required to adopt those findings when the restrictions were not supported by the record. *See Kessans v. Comm'r of Soc. Sec.*, 768 F. App'x 531, 536 (6th Cir. 2019) ("Indeed, the ALJ may pose a question involving a hypothetical individual with several limitations—and then later decide

that those limitations differed from the claimant's limitations. *See, e.g., Maziarz*, 837 F.2d at 247. That does not mean that the vocational expert's answer about the hypothetical individual binds the ALJ."); *Lipanye v. Comm'r of Soc. Sec.*, 802 F. App'x 165, 170 (6th Cir. 2020) ("An administrative law judge is only required to include in the residual functional capacity those limitations he finds credible and supported by the record. *See Casey v. Sec'y of Health & Human Servs.*, 987 F.2d 1230, 1235 (6th Cir. 1993).").

"So long as the hypothetical is accurate, the administrative law judge may rely on the vocational expert's testimony to find that the plaintiff can perform a significant number of jobs in the national economy." *Branon v. Comm'r of Soc. Sec.*, 539 F. App'x 675, 680 (6th Cir. 2013). Plaintiff has not presented any proof that the ALJ's hypotheticals were not accurate or that she improperly relied on Schmidt's testimony in rendering her decision. Indeed, the ALJ found exactly what May has argued—that she is unable to perform her past work. [R. 8-2 at pg. 47; R. 12 at pg. 6]. However, Schmidt's testimony and the record indicate that she can perform other work, hence why it was determined she is not disabled. [R. 8-2 at pg. 48]. Therefore, this argument must fail too.

C

Finally, Plaintiff briefly mentions that "[p]ursuant to the medical records mentioned *supra* and contained in the transcript, the Plaintiff meets Listings 1.15; 1.18; 5.05(a). [R. 12 at pg. 6]. Pursuant to 20 C.F.R. § 404.1520(a)(4)(iii), "[a]t the third step, we also consider the medical severity of your impairment(s). If you have an impairment(s) that meets or equals one of our listings in appendix 1 of this subpart and meets the duration requirement, we will find that you are disabled." However, to establish that an ALJ erred at step three, "the claimant must point to specific evidence that demonstrates he reasonably could meet or equal every requirement of

the listing." *Smith-Johnson v. Comm'r of Soc. Sec.*, 579 F. App'x 426, 432 (6th Cir. 2014) (citing *Sullivan v. Zebley*, 493 U.S. 521, 530 (1990)). Further, as previously stated, arguments that are only vaguely alluded to and that are not developed by the party are deemed to be waived. *See Moore v. Comm'r of Soc. Sec.*, 573 F. App'x. 540, 573 (6th Cir. 2014).

  Here, Plaintiff has failed to develop this argument or indicate how the ALJ erred in not finding she met the listings. The ALJ specifically analyzed whether May met the requirements for Listings 1.15 and 1.18 and found she did not because "the record does not provide evidence of disorders of the skeletal spine resulting in compromise of a nerve root(s). . ." and "the record does not provide evidence of abnormalities of a major joint in any extremity. . ." [R. 8-2 at pgs. 38–39]. As for Listing 5.05(a), which is the listing for Chronic Liver Disease ("CLD"), as the Commissioner points out, "Plaintiff did not allege disability on the basis of a liver impairment (Tr. 378), and she has not pointed to any evidence in the record showing that she complained of, was treated for, or experienced work-related limitations from CLD." [R. 14 at pg. 14]. As the Sixth Circuit has held in the past, "neither the listings nor the Sixth Circuit require the ALJ to 'address every listing' or 'to discuss listings that the applicant clearly does not meet.'" *Smith-Johnson*, 579 F. App'x at 432 (quoting *Sheeks v. Comm'r of Soc. Sec.*, 544 F. App'x 639, 641 (6th Cir. 2013)). Plaintiff has failed to provide any evidence to support her contention that the ALJ incorrectly found that she did not meet the requirements for Listings 1.15 and 1.18 or that she would have met the requirements for Listing 5.05(a). Therefore, this argument must also fail.

## CONCLUSION

  Ladonna Kay May appealed the Acting Commissioner's final decision that she is not entitled to disability insurance benefits. May argues that the Administrative Law Judge's failure to properly consider her medical records and treating providers' findings, to consider the

vocational expert's testimony, and to find that she met certain listings under step three of the sequential evaluation process established under the Social Security Act means that she should be awarded disability insurance benefits or a remand of the case for another hearing. But the record indicates that the ALJ properly considered the evidence in this matter and determined that Plaintiff was not disabled, and Plaintiff has failed to provide evidence to refute this finding. The Acting Commissioner's final decision is therefore AFFIRMED. A separate judgment will follow.

    Signed November 8, 2023.



Signed By:
*Edward B. Atkins*  *EBA*
**United States Magistrate Judge**